UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE CONCEPCION,

    Petitioner,

v.                                       CASE NO. 6:13-cv-1008-Orl-36KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on an Amended Petition for Writ of Habeas Corpus ("Amended Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 20). Thereafter, Respondents filed a Response to the Amended Petition (Doc. 27) in compliance with this Court's instructions. Petitioner filed a Reply to the Response (Doc. 29).

Petitioner alleges seventeen claims for relief in the Amended Petition. For the following reasons, the Amended Petition will be denied.

    **I.**    **PROCEDURAL HISTORY**

Petitioner was charged by information with seven counts of sexual activity with a child by a person in familial or custodial authority (Counts One through Three and Six through Nine) and two counts of lewd or lascivious molestation (Counts Four and Five) (Doc. 28-1 at 100-109). Petitioner entered a negotiated plea whereby he agreed to plead nolo contendere to Counts Four and Eight, and in exchange he would receive concurrent five-year terms in prison to be following by ten years of sex offender probation. *Id.* at 111-

12. The trial court sentenced Petitioner according to the plea agreement. *Id.* at 115-26. Petitioner did not appeal.

After Petitioner was released from prison, an affidavit for violation of probation was filed, and the trial court issued a warrant for Petitioner's arrest. *Id.* at 130-38. Petitioner entered a guilty plea to the violation of probation. *Id.* at 139-40. The trial court sentenced Petitioner to a two-year term of community control. *Id.* at 141-45. An affidavit of violation of community control and warrant for Petitioner's arrest was filed. *Id.* at 146-57. Petitioner's community control was reinstated. *Id.* at 158-59. Petitioner again violated the terms of his community control when he removed his mobile tracking device and was later arrested. *Id.* at 181-88.

Petitioner admitted to the violations, and the trial court sentenced Petitioner to a fifteen-year term of imprisonment for Count Four and to a twenty-five-year term of imprisonment for Count Eight. *Id.* at 211-17. The trial court also entered an order finding Petitioner qualified as a sexual predator. *Id.* at 221-22. Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw. *Id.* at 229-39. Petitioner filed a *pro se* initial brief. *Id.* at 241-71. The Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. *Id.* at 279.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at 292-317. After filing an amended Rule 3.850

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

motion, the trial court summarily denied the motion but corrected the amount of jail credit Petitioner was to receive. *Id.* at 340-49. Petitioner appealed, but the Fifth DCA dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely filed (Doc. 28-2 at 78). Petitioner filed a petition for belated appeal, and the Fifth DCA denied the petition. *Id.* at 80-101.

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh

3

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's

4

performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*,

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

13 F.3d 384, 386 (11th Cir. 1994).

## III. ANALYSIS

### A. Claims One through Five

Petitioner alleges in claim one that the trial court erred by accepting the plea (Doc. 20 at 8). In his second claim, Petitioner contends his plea was involuntarily entered when he verbally expressed that he did not admit to violating one of the conditions of his community control. *Id.* at 10. In claim three, Petitioner asserts that his double jeopardy and due process rights were violated when his sentence was illegally increased. *Id.* at 11. Petitioner argues in claim four that the trial court erred when it relied on inadmissible evidence during the sentencing proceeding. *Id.* at 13. Finally, in claim five Petitioner states that his sexual predator designation breached the original plea agreement. *Id.* at 15. Petitioner raised these claims in his *pro se* initial brief on appeal (Doc. 28-1 at 240-71). The Fifth DCA affirmed *per curiam*. *Id.* at 279.

Rule 9.140(b)(2), Florida Rules of Appellate Procedure, provides that a defendant who pleads guilty or nolo contendere may appeal only if they are challenging (1) the lower court's lack of subject matter jurisdiction; (2) a violation of the plea agreement, if preserved by a motion to withdraw plea; (3) an involuntary plea, if preserved by a motion to withdraw plea; (4) a sentencing error, if preserved, or (5) as otherwise provided by law. Petitioner did not file a motion to withdraw plea, nor did he object to any sentencing error. Therefore, claims one through five were not preserved for direct appeal. *See Patterson v. State*, 188 So. 3d 913, 915 (Fla. 5th DCA 2016) (affirming on direct appeal and

noting that the appellant's challenge to his sentence was not preserved for appeal by objecting at sentencing or filing a motion to withdraw plea); *Albanese v. State*, 179 So. 3d 405, 40-607 (Fla. 4th DCA 2015) (citing *Leonard v. State*, 760 So. 2d 114, 116 (Fla. 2000)) (noting that issues related to the voluntariness of a plea must be raised in a motion to withdraw plea).

Additionally, the Court notes that there is no indication that the trial court erred by accepting the plea in light of the fact that Petitioner admitted to violating the terms of his community control by signing the plea form (Doc. 28-1 at 209-10). Furthermore, Petitioner admits the State presented evidence that he was aware he had to register as a sex offender, yet failed to do so. *Id.* at 260. Petitioner also admitted to being arrested in Tampa, Florida. Therefore, both violations of his community control were properly relied upon. *Id.* at 251.

Petitioner's argument with regard to his sentence also fails. There is no indication that the trial court relied on inadmissible evidence during the sentencing proceeding, or that his sentence was illegally increased. Petitioner contends that the State presented evidence of uncharged crimes during the sentencing proceeding (Doc. 28-1 at 262). However, Florida courts have held that a trial court may consider uncharged crimes during a sentencing proceeding. *See Imbert v. State*, 154 So. 3d 1174, 1176 (Fla. 4th DCA 2015). Moreover, the trial court did not illegally increase his sentence because the original plea provided that the maximum sentence was thirty years in prison. Florida law allows a trial court to impose any sentence "which it might have originally imposed before

placing the probationer on probation or the offender into community control." § 948.06(2)(b), Fla. Stat.

Finally, Petitioner's argument that the sexual predator designation violates his original plea agreement is also without merit. Although the State did not originally seek to designate him as a sexual predator, there was no provision in the original plea prohibiting the State from doing so if Petitioner violated his probationary term (Doc. 28-1 at 111). Further, Florida courts have held that section 775.21, Florida Statutes, also known as the Florida Sexual Predators Act, is "regulatory and procedural in nature" and thus, designation as a sexual predator does not violate the Ex Post Facto Clause or "impermissibly modify a criminal sentence or punishment." *Cuevas v. State*, 31 So. 3d 290, 291 (Fla. 3d DCA 2010) (citation omitted); *Andrews v. State*, 792 So. 2d 1274, 1275 (Fla. 4th DCA 2001) (noting the requirements of the Florida Sexual Predators Act are procedural and regulatory in nature) (citations omitted).

Therefore, the state court's denial of these claims was not contrary to or an unreasonable application of clearly established federal law. Claims one through five are denied pursuant to § 2254(d).

### B. Claims Six through Sixteen

In claims six through thirteen, Petitioner alleges that trial counsel was ineffective for failing to (1) object to the admission of violating condition number 18 of his community control; (2) file a motion to withdraw plea; (3) properly negotiate the plea or properly convey the plea offer; (4) object to the State and trial court's statements

regarding the maximum sentence; (5) object to the introduction of inadmissible evidence during sentencing; (6) object to the scoresheet, wherein victim injury points were improperly assessed; (7) object to his designation as a sexual predator; and (8) present rebuttal evidence during the sentencing proceeding (Doc. 20 at 15-29). Petitioner alleges in claim fourteen that the trial court erred by improperly calculating his jail credit. *Id.* at 31-32. In claim fifteen, Petitioner contends that the trial court lacked discretion to increase his sentence beyond what was agreed upon in his original plea. *Id.* at 33-34. Finally, in claim sixteen Petitioner asserts that the state attorney committed fraud when it obtained the trial court's consent to designate him as a sexual predator. *Id.* at 36-37.

Respondents contend that these claims are unexhausted (Doc. 27 at 7-8). Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–44 (1999). In order to satisfy the exhaustion requirement a "petitioner must 'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). A petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

Petitioner raised these claims in his Rule 3.850 proceedings (Doc. 28-1 at 292-329). However, Petitioner's appeal was dismissed for lack of jurisdiction because it was

9

untimely filed (Doc. 28-2 at 78). Therefore, Petitioner did not fairly present these issues to the state's highest court, and thus, the claims are unexhausted. *Isaac*, 470 F. App'x at 818; *Snowden*, 135 F.3d at 735. The Court is precluded from considering these claims because they would be procedurally defaulted if Petitioner returned to state court. *Id.* at 736. Petitioner could not return to the state court to raise these grounds because a Rule 3.850 motion would be untimely and successive. Thus, Petitioner's claims are procedurally defaulted.

Procedural default may be excused only in two narrow circumstances: if a petitioner can show (1) cause and prejudice or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Petitioner appears to rely on his lack of counsel and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to demonstrate cause for the procedural default (Doc. 29 at 5).

In *Martinez*, the Supreme Court held a prisoner may establish cause for the procedural default of an ineffective assistance counsel claim that was not raised in an initial or first post-conviction motion if: (1) the state court did not appoint counsel in the initial-review collateral proceeding or (2) if counsel was appointed in the initial-review proceeding but failed to raise the claim. *Id.* at 1318-19. However, *Martinez* does not apply in this instance, because Petitioner raised these claims in the initial-review collateral proceeding. Instead, Petitioner failed to raise them on appeal. The *Martinez* court noted that its holding did not include the failure to appeal from initial-review collateral proceedings. 132 S. Ct. at 1320; *see also Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F. 3d 1246,

1260 (11th Cir. 2014). Therefore, *Martinez* does not excuse Petitioner's procedural default of these claims.

Petitioner also contends that his procedural default was due to an error in the state post-conviction process and through no fault of his own (Doc. 29 at 5). Specifically, Petitioner contends that he attempted to timely file a motion for rehearing from the denial of his Rule 3.850 motion; however, the trial court failed to rule on the motion in a timely fashion. *Id.* Petitioner states that due to the delay in a written order on his motion for rehearing, his appeal was untimely filed. *Id.*

Former Rule 3.850(j) of the Florida Rules of Criminal Procedure provides that "a timely motion for rehearing shall toll finality of any final order addressing a motion under this rule." Additionally, the rule states that "[t]he trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. If no order is filed within 40 days, the motion is deemed denied." Petitioner filed his motion for rehearing on January 7, 2014 (Doc. 28-1 at 362). The trial court did not rule on the motion within the 40-day period, therefore, it was deemed denied. The trial court entered an order on June 23, 2015, noting Rule 3.850(j) and stating it lacked jurisdiction to rule on the motion because it had been deemed denied (Doc. 28-2 at 25-26).

"For cause to exist [to overcome a procedural default], an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v.*

11

*Zant*, 499 U.S. 467, 497 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Petitioner's lack of understanding of Florida law and procedure does not amount to cause and prejudice sufficient to overcome a procedural default. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990) (ignorance of the law fails to establish cause for procedural default); *see also Toole v. McDonough*, 379 F. App'x 883, 885 n.5 (11th Cir. 2010) (rejecting petitioner's contention that his pro se status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim); *Jackson v. Williams*, 2016 EL 3877872, at * 3 (S.D. Ga. July 11, 2016) (noting that ignorance of the law does not demonstrate cause for a procedural default); *Wilson v. Hooks*, 2009 WL 3003964, at * 12 (M.D. Ala. Sept. 15, 2009) (stating lack of legal knowledge or failure to understand legal principles does not provide relief from a procedural bar). Therefore, Petitioner cannot overcome the procedural default in this case. Likewise, Petitioner cannot show the applicability of the actual innocence exception. Accordingly, these claims are procedurally barred.

**C.    Claim Seventeen**

Petitioner contends that the state court erred by dismissing his motion for rehearing and dismissing his Rule 3.850 appeal (Doc. 20 at 39). Petitioner's claim relates to a perceived error in the state post-conviction proceedings. "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th

Cir. 1987)); *Carroll v. Sec'y Dep't of Corr.*, 574 F.3d 1354 (11th Cir. 2009). Petitioner's claim is unrelated to the cause of his detention, and thus habeas relief is not available to address this claim. *See Carroll*, 574 F. 3d at 1354; *Spradley*, 825 F.2d at 1568. Therefore, this claim is denied. *See*, *e.g.*, *Beier v. Butler*, No. 8:99-cv-754-T-27TBM, 2009 WL 189940, at *8-9 (M.D. Fla. Jan. 23, 2009) (denying claims asserting errors in the manner in which the state court conducted the post-conviction proceedings because the claims were unrelated to the cause of detention and consequently, did not state a basis for federal habeas relief).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

13

correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Jose Concepcion (Doc. 20) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 1st day of November, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 11/1
Counsel of Record
Jose Concepcion